## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ANDERSON HOMES, LLC and <br> PINNACLE DESIGN AND CONSULTING INC., <br><br> Plaintiffs, <br> v. <br><br> DELTA ACQUISITIONS AND DEVELOPMENT, LLC; <br> DELTA ACQUISITIONS ON LOCHMEATH WAY, LLC; <br> DELTA ACQUISITIONS AT NEW HAVEN ESTATES LLC; <br> REVOLUTION 180 INC.; <br> EDWARD OWENS dba OWENS DESIGN SERVICES; <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  C.A. No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE DESIGNATION, STATE DECEPTIVE TRADE PRACTICES AND UNFAIR COMPETITION

### JURISDICTION

1.     This action arises under: § 501 of the Copyright Act of 1976, as amended, 17 U.S.C. § 501; § 43(a) of the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1125(a); and under the laws of the State of Delaware, for copyright infringement, false designation, trademark infringement, and unfair competition.  Plaintiffs seek injunctive relief and monetary damages.

2.     The Court has original exclusive jurisdiction over the federal subject matter of this action pursuant to 15 U.S.C. §§ 1121(a) and 1125(a), and 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over the remaining state law and common law subject matter of this action pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff ANDERSON HOMES, LLC ("Anderson") is a limited liability company organized and existing under the laws of the State of Delaware since May 10, 2000, and having its principal address at 335 Water Street, Wilmington, Delaware 19804.  A copy of Anderson's official records on file with the State of Delaware Division of Corporations is attached hereto as Exhibit 1.

5.      Plaintiff PINNACLE DESIGN AND CONSULTING INC. ("Pinnacle") is a corporation organized and existing under the laws of the Commonwealth of Virginia since April 28, 1997, and having its principle address at 4085 Chain Bridge Road, Fairfax, VA 22030.  A copy of Pinnacle's official records on file with the Virginia State Corporations Commission is attached hereto as Exhibit 2.

6.      Anderson and Pinnacle are sometimes collectively referred to as "Plaintiffs".

7.      Defendant DELTA ACQUISITIONS AND DEVELOPMENTS LLC ("DAD") is identified, upon knowledge and belief, as a limited liability company formed in Delaware on January 27, 2004, and doing business in the State of Delaware with a principal business location at 404 Kates Way, Smyrna, Delaware 19977.  A copy of DAD's official records on file with the State of Delaware Division of Corporations is attached hereto as Exhibit 3.

8.      Defendant DELTA ACQUISITIONS ON LOCHMEATH WAY, LLC ("DALW") is identified, upon knowledge and belief, as a limited liability company formed in Delaware on July 12, 2004, and doing business in the State of Delaware with a principal business location at 404 Kates Way, Smyrna, Delaware 19977.  A copy of DALW's official records on file with the State of Delaware Division of Corporations is attached hereto as Exhibit 4.

2

9.    Defendant DELTA ACQUISITIONS AT NEW HAVEN ESTATES LLC ("DANHE") is identified, upon knowledge and belief, as a limited liability company formed in Delaware on March 17, 2005, and doing business in the State of Delaware with a principal business location at 404 Kates Way, Smyrna, Delaware 19977.  A copy of DANHE's official records on file with the State of Delaware Division of Corporations is attached hereto as Exhibit 5.

10.    Defendant REVOLUTION 180 INC. ("Revolution") is identified, upon knowledge and belief, as a corporation incorporated in Maryland on July 28, 2000, and doing business in the State of Delaware with a principal business location at 10447 Campus Way South, Upper Marlboro, Maryland  20774.  A copy of Revolution's official records on file with the Maryland State Department of Assessments and Taxation is attached hereto as Exhibit 6.

11.    Defendant Edward Owens ("Owens") doing business as Owens Design Services is identified, upon knowledge and belief, as a resident of Delaware doing business in the State of Delaware with a principal business location at 14373 Sycamore Road, Laurel, Delaware  19956.

12.    Defendants DAD, DALW, DANHE, Revolution and Owens are sometimes collectively referred to as "Defendants".

## FACTUAL BACKGROUND

13.    Anderson is a well-known and well respected residential home builder promoting and performing its construction of residential home services in commerce in the State of Delaware.

14.    Pinnacle is a well-known architect that creates and provides architectural plans to, among others, Anderson for construction of residential homes in the State of Delaware.

15.     Defendants DAD, DALW, and DANHE, on knowledge and belief, develop and build large and small-scale residential communities in the State of Delaware.

16.     Defendant Revolution, on knowledge and belief, designs, develops and manages Web sites, and in particular controls the content on the Web sites located at www.homesdelta.com and www.deltaad.com (sometimes collectively referred to as the "Infringing Web Sites").  A copy of the official records on file with the domain name registrar GO DADDY evidencing that the Infringing Web Sites are registered to Revolution is attached hereto as Exhibit 7.

17.     The Infringing Web Sites advertise and market DAD's residential home building services.  Current examples of screen shots from the Infringing Web Sites evidencing same are attached hereto as Exhibit 8.

18.     On knowledge and belief, long prior to each Defendant's date of formation of January 27, 2004, Pinnacle was designing and selling, and continues to design and sell, architectural plans for residential homes in Delaware.

19.     On knowledge and belief, long prior to each Defendant's date of formation of January 27, 2004, Anderson was building, and continues to build, residential homes in Delaware.

**PLAINTIFFS' COPYRIGHTS AT ISSUE**

20.     Anderson is the copyright owner of record of all right, title and interest in and to Anderson's ASHMONT home picture, which Anderson has registered with the United States Copyright Office.  A copy of Anderson's copyright registration for ASHMONT – Certificate No. VA 1-311-551 is attached hereto as Exhibit 9.

21.     Anderson is the copyright owner of record of all right, title and interest in and to Anderson's BEDFORD home picture, which Anderson has registered with the United States

Copyright Office. A copy of Anderson's copyright registration for BEDFORD – Certificate No. VA 1-311-550 is attached hereto as Exhibit 10.

22.      Anderson is the copyright owner of record of all right, title and interest in and to Anderson's CHELTENHAM home picture, which Anderson has registered with the United States Copyright Office. A copy of Anderson's copyright registration for CHELTENHAM – Certificate No. VA 1-311-552 is attached hereto as Exhibit 11.

23.      Anderson is the copyright owner of record of all right, title and interest in and to Anderson's JEFFERSON home picture, which Anderson has registered with the United States Copyright Office. A copy of Anderson's copyright registration for JEFFERSON – Certificate No. VA 1-311-553 is attached hereto as Exhibit 12.

24.      Anderson is the copyright owner of record of all right, title and interest in and to Anderson's MERION home picture, which Anderson has registered with the United States Copyright Office. A copy of Anderson's copyright registration for MERION – Certificate No. VA 1-311-554 is attached hereto as Exhibit 13.

25.      Anderson's ASHMONT home picture, BEDFORD home picture, CHELTENHAM home picture, JEFFERSON home picture, and MERION home picture are hereafter collectively referred to as "Anderson's Copyrighted Pictures".

26.      Pinnacle is the copyright owner of record with respect to THE ASHMONT residential architectural floor plans, which Pinnacle has registered with the United States Copyright Office. A copy of Pinnacle's copyright registration for THE ASHMONT – Certificate No. VA 1-311-547 is attached hereto as Exhibit 14.

27.      Pinnacle is the copyright owner of record with respect to THE BEDFORD residential architectural floor plans, which Pinnacle has registered with the United States

5

Copyright Office.  A copy of Pinnacle's copyright registration for THE BEDFORD – Certificate No. VA 1-311-545 is attached hereto as Exhibit 15.

28.    Pinnacle is the copyright owner of record with respect to THE CHELTENHAM residential architectural floor plans, which Pinnacle has registered with the United States Copyright Office.  A copy of Pinnacle's copyright registration for THE CHELTENHAM – Certificate No. VA 1-311-546 is attached hereto as Exhibit 16.

29.    Pinnacle is the copyright owner of record with respect to THE JEFFERSON residential architectural floor plans, which Pinnacle has registered with the United States Copyright Office.  A copy of Pinnacle's copyright registration for THE JEFFERSON – Certificate No. VA 1-311-548 is attached hereto as Exhibit 17.

30.    Pinnacle is the copyright owner of record with respect to the MERION & ST. ANDREWS residential architectural floor plans, which Pinnacle has registered with the United States Copyright Office.  A copy of Pinnacle's copyright registration for MERION & ST. ANDREWS – Certificate No. VA 1-311-549 is attached hereto as Exhibit 18.

31.    Pinnacle's THE ASHMONT residential architectural floor plans, THE BEDFORD residential architectural floor plans, THE CHELTENHAM residential architectural floor plans, THE JEFFERSON residential architectural floor plans, MERION & ST. ANDREWS residential architectural floor plans are hereafter collectively referred to as "Pinnacle's Copyrighted Floor Plans."

## DEFENDANTS' IMPROPER CONDUCT

### *Facts as to All Counts*

32.     On or before April 6, 2004, Anderson completed real estate improvements in the nature of town home units based on Pinnacle's MERION & ST. ANDREWS residential architectural floor plans located on Kates Way in Smyrna, Delaware.

33.     Specifically, the said town home unit located at 404 Kates Way, Smyrna, Delaware 19977 (hereinafter the "Town Home"), was built and furnished by Anderson and used by Anderson as its model home.

34.     On or before April 6, 2004, upon knowledge and belief said Town Home was sold to James and Kristen Davidson as shown by the official property records with Kent County, Delaware and attached hereto as Exhibit 19.

35.     Upon knowledge and belief, sometime after April 6, 2004, Defendant DAD began renting, and continues to rent, from the Davidsons, the Town Home and uses said Town Home as its official business premises.

36.     Upon knowledge and belief, sometime after April 6, 2004, Defendant DAD reverse engineered Pinnacle's MERION & ST. ANDREWS copyrighted floor plans by taking exact measurements and making hand drawings of the Town Home.

37.     Upon knowledge and belief, sometime after April 6, 2004, Defendant DAD provided Defendant Owens with verbal instructions, preliminary sketches, and handwritten notes and directed Defendant Owens to prepare a set of architectural plans therefrom.

38.     Upon knowledge and belief, on or before March 15, 2005, Owens recreated Pinnacle's MERION & ST. ANDREWS copyrighted floor plans over a seven month period.

39.    Upon knowledge and belief, on or before March 15, 2005, said derivative architectural plans that were drawn by Owens were submitted to the Kent County Planning Service, Inspections and Enforcement Division by Defendants DAD or Owens seeking approval to build real estate improvements located at Seabrook Village Lots 35 and 36, Dover Delaware 19901.

40.    Upon knowledge and belief, said derivative plans were approved on or before September 2, 2005, and DAD began construction of real estate improvements based on said derivative plans located at Seabrook Village Lots 35 and 36, Dover Delaware 19901.

41.    During the same time period, upon knowledge and belief, Defendant DAD took, or caused a third party to take, pictures of the rooms in the Town Home.

42.    Upon knowledge and belief, Revolution incorporated said pictures into DAD's Web site located at www.homesdelta.com.

43.    During the same time period, upon knowledge and belief, Defendant DAD copied, or caused a third party to copy, Anderson's Copyrighted Pictures from Anderson's Web site located at www.newandersonhomes.com.

44.    Upon knowledge and belief, Defendant DAD supplied, or caused to supply, said Pictures to Revolution, who incorporated Anderson's Copyrighted Pictures into the Infringing Web Sites.

45.    Specifically, Anderson's Copyrighted Picture MERION appear on Defendant DAD's Web site located at www.deltaad.com with a false and misleading caption stating, "This photo is a drawing of the outside of the Chris or the Isabella."   A copy of DAD's Web site containing said picture and caption is attached hereto as Exhibit 20.

46.    Upon knowledge and belief, Defendant DAD supplied, or caused to be supplied, Anderson's Copyrighted Pictures to a third-party printer who incorporated said Pictures into brochures advertising DAD's home building services.

47.    Upon knowledge and belief, Defendant DAD supplied, or caused to be supplied, copies of the derivative floor plans drafted by Owens to Revolution, who incorporated said derivative floor plans into the Infringing Web Sites.

48.    Upon knowledge and belief, Defendant DAD supplied, or caused to supply, said copies of the derivative floor plans drafted by Owens to a third-party printer who incorporated said copies of the derivative floor plans into brochures advertising DAD's home building services.

49.    Specifically, Pinnacle's Copyrighted Floor Plan, named MERION & ST. ANDREWS appears on Defendant DAD's Web site located at www.deltaad.com with a false and misleading caption stating, "These drawings were created in-house, and are currently marketing for construction in Delaware."  A copy of DAD's Web site containing said floor plans and caption is attached hereto as Exhibit 21.

## *Defendants' Infringement on Anderson*

50.    Upon knowledge and belief, Defendants, individually and in concert, are intentionally infringing Anderson's Copyrighted Pictures by displaying identical or substantially similar copies of Anderson's Copyrighted Pictures on the Infringing Web Sites, in brochures advertising DAD's home building services, and various other ways.

51.    Specifically, upon knowledge and belief, Defendants DAD and Revolution intentionally copied and displayed, and are currently displaying, Anderson's ASHMONT home picture (attached hereto as Exhibit 20) on the web page located at www.homesdelta.com as

DAD's ADORA home. A copy of said Web page with the infringing picture of Anderson's ASHMONT home picture is attached hereto as Exhibit 21.

52.    Specifically, upon knowledge and belief, Defendants DAD and Revolution intentionally copied and displayed, and are currently displaying, Anderson's BEDFORD home picture (attached hereto as Exhibit 22) on the web page located at www.homesdelta.com as DAD's La GABRIELLA home. A copy of said Web page with the infringing picture of Anderson's BEDFORD home picture is attached hereto as Exhibit 23.

53.    Specifically, upon knowledge and belief, Defendants DAD and Revolution intentionally copied and displayed, and are currently displaying, Anderson's CHELTENHAM home picture (attached hereto as Exhibit 24) on the web page located at www.homesdelta.com as DAD's ANNA home. A copy of said Web page with the infringing picture of Anderson's CHELTENHAM home picture is attached hereto as Exhibit 25.

54.    Specifically, upon knowledge and belief, Defendants DAD and Revolution intentionally copied and displayed, and are currently displaying, a derivative drawing of Anderson's JEFFERSON home picture (attached hereto as Exhibit 26) on the web page located at www.homesdelta.com as DAD's GRACE home. A copy of said Web page with the infringing picture of Plaintiff's JEFFERSON home picture is attached hereto as Exhibit 27.

55.    Specifically, upon knowledge and belief, Defendants DAD and Revolution intentionally copied and displayed, and are currently displaying, Anderson's MERION home picture (attached hereto as Exhibit 28) on the Infringing Web Sites as DAD's CHRISTOPHER and/or ISABELLA home. A copy of both Web page located at www.homesdelta.com and www.deltaad.com with the infringing picture of Anderson's MERION home picture are attached hereto as Exhibit 29.

56.    Specifically, upon knowledge and belief, Defendant DAD intentionally copied and displayed, and is currently displaying, a derivative drawing of Plaintiff's MERION home picture in DAD's marketing brochure for Seabrook Village available in paper copy and on the web page located at www.homesdelta.com under the title of DAD's ISABELLA home.  A copy of the relevant page from DAD's marketing brochure for Seabrook Village showing said derivative drawing of Anderson's MERION home is attached hereto as Exhibit 30.

57.    Defendants DAD and Revolution are not licensed by Anderson in any capacity, and are not authorized by Anderson or any agent of Anderson, to use, produce, make derivative copies, offer for sale, sell, and/or display any of Anderson's Copyrighted Pictures.

58.    Defendants' conduct is an intentional violation of federal copyright laws, federal unfair competition laws, Delaware state deceptive trade practices and unfair competition laws, to cause confusion and public deception, all for Defendants' financial gain and to the detriment of Plaintiff Anderson.

### *Defendants' Infringement on Pinnacle*

59.    Upon knowledge and belief, Defendants, individually and in concert, are intentionally infringing Pinnacle's Copyrighted Floor Plans, without Pinnacle's authorization, by displaying, offering for sale, copying, creating derivative works and building identical or substantially similar derivative residential homes from Pinnacle's Copyrighted Floor Plans.

60.    Specifically, upon knowledge and belief, Defendants DAD, DALW and DANHE have intentionally copied, or caused the intentional copying of Pinnacle's THE ASHMONT residential architectural floor plans and are displaying, offering for sale and building residential homes based on said floor plans under the name ADORA.

61.    Specifically, upon knowledge and belief, Defendants DAD, DALW and DANHE have intentionally copied, or caused the intentional copying of Pinnacle's THE BEDFORD residential architectural floor plans and are displaying, offering for sale and building residential homes based on said floor plans under the name La GABRIELLA.

62.    Specifically, upon knowledge and belief, Defendants DAD, DALW and DANHE have intentionally copied, or caused the intentional copying of Pinnacle's THE CHELTENHAM residential architectural floor plans and are displaying, offering for sale and building residential homes based on said floor plans under the name ANNA.

63.    Specifically, upon knowledge and belief, Defendants DAD, DALW and DANHE have intentionally copied, or caused the intentional copying of Pinnacle's THE JEFFERSON residential architectural floor plans and are displaying, offering for sale and building residential homes based on said floor plans under the name GRACE.

64.    Specifically, upon knowledge and belief, Defendants DAD, DALW and DANHE have intentionally copied, or caused the intentional copying of Pinnacle's MERION & ST. ANDREWS residential architectural floor plans and are displaying, offering for sale and building residential homes based on said floor plans under the name ISABELLA and CHRISTOPHER.

65.    Upon knowledge and belief, Defendants DAD, DALW, DANHE and Revolution are intentionally infringing Pinnacle's Copyrighted Floor Plans, without Pinnacle's authorization, by displaying identical or substantially similar, copies of Pinnacle's Copyrighted Floor Plans on the Infringing Web Sites, in brochures advertising Defendants' competing home building services, and various other ways.

66.    Specifically, upon knowledge and belief, Defendants DAD, DALW and DANHE intentionally copied and displayed, and are currently displaying, a derivative drawing of

Pinnacle's MERION & ST. ANDREWS residential architectural floor plan in DAD's marketing brochure for Seabrook Village under the title of DAD's CHRISTOPHER floor plan. A copy of the relevant page from DAD's marketing brochure for Seabrook Village showing said derivative drawing of Pinnacle's MERION & ST. ANDREWS floor plan is attached hereto as <u>Exhibit 30</u>.

67.    Specifically, upon knowledge and belief, Defendants intentionally copied and displayed, and are currently displaying, a derivative drawing of Pinnacle's JEFFERSON residential architectural floor plan (attached hereto as <u>Exhibit 31</u>) on Revolution's Web page under the title of DAD's ELIZABETH floor plan. A copy of Revolution's Web page with said infringing picture of Plaintiff's JEFFERSON floor plan is attached hereto as <u>Exhibit 32</u>.

68.    Upon knowledge and belief, Defendants are not licensed by Pinnacle in any capacity, and are not authorized by Pinnacle or any agent of Pinnacle, to use, produce, create derivative works, offer for sale, sell, and/or display any of Pinnacle's Copyrighted Floor Plans.

69.    Defendants' conduct is an intentional violation of federal copyright laws, federal unfair competition laws, Delaware state deceptive trade practices and unfair competition laws, to cause confusion and public deception, all for Defendants' financial gain and to the detriment of Plaintiff Pinnacle.

COUNT I

AS TO DEFENDANTS DAD, DALW, DANHE AND REVOLUTION

FEDERAL COPYRIGHT INFRINGEMENT OF
<u>ANDERSON'S COPYRIGHTED PICTURES</u>

70.    Plaintiffs incorporate by reference the facts alleged in Paragraphs 1-69 hereof.

71.    Defendants' unauthorized use and display of Anderson's Copyrighted Pictures (or pictures virtually identical and/or substantially similar thereto) on the Infringing Web Sites, in

brochures, and various other ways constitutes a violation of Anderson's exclusive right to reproduce its copyrighted works, which is damaging to Anderson.

72.     Defendants' unauthorized use and display of Anderson's Copyrighted Pictures (or pictures virtually identical and/or substantially similar thereto) on the Infringing Web Sites, in brochures, and various other ways constitutes a violation of Anderson's exclusive right to prepare derivative works based upon its copyrighted works, which is damaging to Anderson.

73.     Defendants' unauthorized use and display of Anderson's Copyrighted Pictures (or pictures virtually identical and/or substantially similar thereto) on the Infringing Web Sites, in brochures, and various other ways constitutes a violation of Anderson's exclusive right to distribute copies of its copyrighted work to the public by sale, which is damaging to Anderson.

74.     Defendants' unauthorized use and display of Anderson's Copyrighted Pictures (or pictures virtually identical and/or substantially similar thereto) on the Infringing Web Sites, in brochures, and various other ways constitutes federal copyright infringement in violation of § 501 of the Copyright Act, 17 U.S.C. § 501.

75.     As a direct result of Defendants' copyright infringement, Anderson has suffered, and is continuing to suffer, irreparable injury, and has incurred, and is continuing to incur, monetary damage in an amount to be determined.

76.     The copyright infringement activities of Defendants complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

COUNT II

AS TO ALL DEFENDANTS

FEDERAL COPYRIGHT INFRINGEMENT OF PINNACLE'S
COPYRIGHTED RESIDENTIAL ARCHITECTURAL FLOOR PLANS

77.    Plaintiffs incorporate by reference the facts alleged in Paragraphs 1-69 and 71-76 hereof.

78.    Defendants' unauthorized reverse engineering, creation of derivative works and continued use of Pinnacle's Copyrighted Floor Plans (or floor plans virtually identical and/or substantially similar derived therefrom) to build residential homes constitutes a violation of Pinnacle's exclusive right to prepare derivative works based upon its copyrighted works, which is damaging to Pinnacle.

79.    Defendants' unauthorized reverse engineering, creation of derivative works and continued use and display of Pinnacle's Copyrighted Floor Plans (or floor plans virtually identical and/or substantially similar thereto) on the Infringing Web Sites, in brochures, and various other ways constitutes a violation of Pinnacle's exclusive right to reproduce its copyrighted works, which is damaging to Pinnacle.

80.    Defendants' unauthorized reverse engineering, creation of derivative works and continued use and display of Pinnacle's Copyrighted Floor Plans (or floor plans virtually identical and/or substantially similar thereto) on the Infringing Web Sites, in brochures, and various other ways constitutes a violation of Pinnacle's exclusive right to prepare derivative works based upon its copyrighted works, which is damaging to Pinnacle.

81.    Defendants' unauthorized reverse engineering, creation of derivative works and continued use and display of Pinnacle's Copyrighted Floor Plans (or floor plans virtually identical and/or substantially similar thereto) on the Infringing Web Sites, in brochures, and

various other ways constitutes a violation of Pinnacle's exclusive right to prepare derivative works based upon its copyrighted works, which is damaging to Pinnacle.

82.    As a direct result of Defendants' copyright infringement, Pinnacle has suffered, and is continuing to suffer, irreparable injury, and has incurred, and is continuing to incur, monetary damage in an amount to be determined.

83.    The copyright infringement activities of Defendants complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

COUNT III

AS TO DEFENDANTS DAD, DALW, DANHE AND REVOLUTION

FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
OF ANDERSON'S COPYRIGHTED PICTURES

84.    Plaintiffs incorporate by reference the facts alleged in Paragraphs 1-69, 71-76 and 78-83 hereof.

85.    Upon knowledge and belief Defendants misappropriated Anderson's Copyrighted Pictures and used them, and continue to use them, in advertising, marketing and offering home building services in direct competition with Anderson on the Infringing Web Pages, in brochures, and in various other ways in commerce regulated by Congress throughout the United States.

86.    Defendants' improper and unauthorized misappropriation and use of Anderson's Copyrighted Pictures which Defendants used and continue to use to promote their competitive home building services in commerce regulated by Congress is likely to confuse the relevant home buyers into believing that Defendants are associated with, related to, or sponsored by Anderson, which is damaging to Anderson.

87.    Defendants' improper and unauthorized misappropriation of Anderson's Copyrighted Pictures which Defendants used and continue to use to promote their competitive home building services in commerce regulated by Congress constitutes a false association and/or a false designation of origin, which is damaging to Anderson.

88.    Defendants improper and unauthorized commercial advertising or promotion of their competitive residential home building services using Anderson's Copyrighted Pictures: (i) is likely to cause confusion or to deceive as to the affiliation, connection or association of Defendants with Anderson, or (ii) is likely to cause confusion as to the origin, sponsorship, or approval of Defendants' services by Anderson or (iii) is likely to cause confusion as to the source of the commercial activities of Defendants with Anderson or (iv) is likely to degrade the reputation of Anderson because home buyers are likely to believe that Defendants' inferior home building services are provided, sponsored or authorized by Anderson in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which is damaging to Anderson.

89.    As a direct result of Defendants' false designation of origin and unfair competition, by willfully and intentionally passing off and/or trading on Anderson's reputation and goodwill of Anderson's Copyrighted Pictures, Anderson has suffered, and is continuing to suffer, irreparable damage and injury.

90.    The false designation of origin and unfair competitive activities by Defendants complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

COUNT IV

AS TO ALL DEFENDANTS

FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
OF PINNACLE'S COPYRIGHTED FLOOR PLANS

91.    Plaintiffs incorporate by reference the facts alleged in Paragraphs 1-69, 71-76, 78-83 and 85-90 hereof.

92.    Upon knowledge and belief Defendants misappropriated Pinnacle's Copyrighted Floor Plans and used them, and continue to use them, in advertising, marketing and offering home building services in direct competition with Pinnacle on the Infringing Web Sites, in brochures, and in various other ways in commerce regulated by Congress throughout the United States.

93.    Defendants' improper and unauthorized misappropriation of Pinnacle's Copyrighted Floor Plans which Defendants used and continue to use to promote their competitive home building services in commerce regulated by Congress is likely to confuse the relevant home buyers into believing that Defendants are associated with, related to, or sponsored by Pinnacle, which is damaging to Pinnacle.

94.    Defendants' improper and unauthorized misappropriation and use of Pinnacle's Copyrighted Floor Plans which Defendants used and continue to use to promote their competitive home building services in commerce regulated by Congress constitutes a false association and/or a false designation of origin, which is damaging to Pinnacle.

95.    Defendants' improper and unauthorized commercial advertising or promotion of their competitive residential home building services using Pinnacle's Copyrighted Floor Plans: (i) is likely to cause confusion or to deceive as to the affiliation, connection or association of Defendants with Pinnacle, or (ii) is likely to cause confusion as to the origin, sponsorship, or

18

approval of Defendants' services by Pinnacle or (iii) is likely to cause confusion as to the source

of the commercial activities of Defendants with Pinnacle or (iv) is likely to degrade the

reputation of Pinnacle because home buyers are likely to believe that Defendants' inferior home

building services are provided, sponsored or authorized by Pinnacle in violation of Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a), which is damaging to Pinnacle.

96.     As a direct result of Defendants' false designation of origin and unfair

competition, by willfully and intentionally passing off and/or trading on Pinnacle's reputation

and goodwill of Pinnacle's Copyrighted Floor Plans, Pinnacle has suffered, and is continuing to

suffer, irreparable damage and injury.

97.     The false designation of origin and unfair competitive activities by Defendants

complained of herein are likely to continue unabated unless and until Defendants are enjoined

and restrained by this Court.

## COUNT V

### AS TO DEFENDANTS DAD, DALW, DANHE AND REVOLUTION

### DECEPTIVE TRADE PRACTICES AND UNFAIR COMPETITION
### OF ANDERSON'S COPYRIGHTED PICTURES

98.     Plaintiffs incorporate by reference the facts alleged in Paragraphs 1-69, 71-76, 78-

83, 85-90, and 92-97 hereof.

99.     Upon knowledge and belief, Defendants misappropriated Anderson's Copyrighted

Pictures and used them, and continue to use them, in advertising, marketing and offering home

building services in direct competition with Anderson on the Infringing Web Sites, in brochures,

and in various other ways in commerce regulated by the State of Delaware.

100.    Defendants' improper, unauthorized and bad faith misappropriation of

Anderson's Copyrighted Pictures which Defendants used and continue to use to promote their

competitive home building services in commerce regulated by the State of Delaware is likely to confuse the relevant Delaware home buyers into believing that Defendants are associated with, related to, or sponsored by Anderson, which is damaging to Anderson.

101.    Defendants' improper and unauthorized misappropriation, passing off, and use of Anderson's Copyrighted Pictures which Defendants used and continue to use to promote their competitive home building services in commerce regulated by the State of Delaware constitutes a violation of the Deceptive Trade Practices Act of Delaware (Del. Code Ann. tit. 6, § 2532 (2005)) and Delaware common law against unfair competition, which is damaging to Anderson.

102.    Defendants' knowingly improper and unauthorized commercial advertising or promotion of their competitive residential home building services using Anderson's Copyrighted Pictures: (i) is likely to cause confusion or to deceive as to the affiliation, connection or association of Defendants with Anderson, or (ii) is likely to cause confusion as to the origin, sponsorship, or approval of Defendants' services by Anderson or (iii) is likely to cause confusion as to the source of the commercial activities of Defendants with Anderson or (iv) is likely to degrade the reputation of Anderson because home buyers are likely to believe that Defendants' inferior home building services are provided, sponsored or authorized by Anderson in violation of the Deceptive Trade Practices Act of Delaware (Del. Code Ann. tit. 6, § 2532 (2005)) and Delaware common law against unfair competition, which is damaging to Anderson.

103.    As a direct result of Defendants' deceptive trade practices and unfair competition, by willfully and intentionally passing off and/or trading on Anderson's reputation and goodwill of Anderson's Copyrighted Pictures, Anderson has suffered, and is continuing to suffer, irreparable damage and injury.

104.    The deceptive trade practices and unfair competitive activities by Defendants complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

## COUNT VI

### AS TO ALL DEFENDANTS

### DECEPTIVE TRADE PRACTICES AND UNFAIR COMPETITION OF PINNACLE'S COPYRIGHTED RESIDENTIAL ARCHITECTURAL FLOOR PLANS

105.    Plaintiffs incorporate by reference the facts alleged in Paragraphs 1-69, 71-76, 78-83, 85-90, 92-97 and 99-104 hereof.

106.    Upon knowledge and belief, Defendants misappropriated Pinnacle's Copyrighted Floor Plans and used them, and continue to use them, in advertising, marketing and offering of home building services in direct competition with Pinnacle on the infringing Web Sites, in brochures, and in various other ways in commerce regulated by the State of Delaware.

107.    Defendants' improper, unauthorized and bad faith misappropriation of Pinnacle's Copyrighted Floor Plans which Defendants used and continue to use to promote their competitive home building services in commerce regulated by the State of Delaware is likely to confuse the relevant Delaware home buyers into believing that Defendants are associated with, related to, or sponsored by Pinnacle, which is damaging to Pinnacle.

108.    Defendants' improper and unauthorized misappropriation, passing off, and use of Pinnacle's Copyrighted Floor Plans which Defendants used and continue to use to promote their competitive home building services in commerce regulated by the State of Delaware constitutes a violation of the Deceptive Trade Practices Act of Delaware (Del. Code Ann. tit. 6, § 2532 (2005)) and Delaware common law against unfair competition, which is damaging to Pinnacle.

109.    Defendants' knowingly improper and unauthorized commercial advertising or promotion of their competitive residential home building services using Pinnacle's Copyrighted Floor Plans: (i) is likely to cause confusion or to deceive as to the affiliation, connection or association of Defendants with Pinnacle, or (ii) is likely to cause confusion as to the origin, sponsorship, or approval of Defendants' services by Pinnacle or (iii) is likely to cause confusion as to the source of the commercial activities of Defendants with Pinnacle or (iv) is likely to degrade the reputation of Pinnacle because home buyers are likely to believe that Defendants' inferior home building services are provided, sponsored or authorized by Pinnacle in violation of the Deceptive Trade Practices Act of Delaware (Del. Code Ann. tit. 6, § 2532 (2005)) and Delaware common law against unfair competition, which is damaging to Pinnacle.

110.    As a direct result of Defendants' deceptive trade practices and unfair competition, by willfully and intentionally passing off and/or trading on Pinnacle's reputation and goodwill of Pinnacle's Copyrighted Floor Plans, Pinnacle has suffered, and is continuing to suffer, irreparable damage and injury.

111.    The deceptive trade practices and unfair competitive activities by Defendants complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

COUNT VII

AS TO ALL DEFENDANTS

CONSPIRACY

112.    Plaintiffs incorporate by reference the facts alleged in Paragraphs 1-69, 71-76, 78-83, 85-90, 92-97, 99-104 and 106-111 hereof.

113.    Upon knowledge and belief, Defendants DAD, DALW and DANHE, without the consent or approval of Anderson or Pinnacle, unlawfully entered into an agreement with

22

Revolution and Owens to wrongfully reproduce Anderson's Copyrighted Pictures and Pinnacle's Copyrighted Floor Plans.

114.   As a direct result of Defendants' conspiracy to wrongfully reproduce Anderson's Copyrighted Pictures and Pinnacle's Copyrighted Floor Plans, Anderson and Pinnacle have suffered, and continue to suffer, irreparable damage and injury.

115.   The wrongful conduct by Defendants complained of herein is likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

COUNT VIII

AS TO REVOLUTION AND OWENS

AIDING AND ABETTING

116.   Plaintiffs incorporate by reference the facts alleged in Paragraphs 1-69, 71-76, 78-83, 85-90, 92-97, 99-104, 106-111 and 113-115 hereof.

117.   Upon knowledge and belief, Defendants Revolution and Owens aided, abetted and encouraged Defendants DAD's, DALW's and DANHE's wrongful reproduction of Anderson's Copyrighted Pictures and Pinnacle's Copyrighted Floor Plans and knowingly provided substantial assistance, aid and encouragement in the commission of such wrongful conduct.

118.   As a direct result of Defendants Revolution and Owens tortious conduct, Anderson and Pinnacle have suffered, and continue to suffer, irreparable damage and injury.

119.   The wrongful conduct by Defendants complained of herein is likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

## RELIEF

WHEREFORE, Plaintiffs Anderson and Pinnacle pray for relief as follows:

<u>Monetary Damages</u>

A.    On Count I, awarding to Anderson actual damages and all profits derived by Defendants resulting from Defendants' joint and several infringement of Anderson's federally registered copyrights, pursuant to 17 U.S.C. § 504;

B.    On Count II, awarding to Pinnacle actual damages and all profits derived by Defendants resulting from Defendants' joint and several infringement of Pinnacle's federally registered copyrights, pursuant to 17 U.S.C. § 504;

C.    On Count III, awarding to Anderson actual damages and all profits derived by Defendants' joint and several false designation of origin and/or unfair competitive activities, and reasonable attorney's fees and costs;

D.    On Count IV, awarding to Pinnacle actual damages and all profits derived by Defendants' joint and several false designation of origin and/or unfair competitive activities, and reasonable attorney's fees and costs;

E.    On Count V, awarding to Anderson actual damages and all profits derived by Defendants' joint and several deceptive trade practices and/or unfair competitive activities, and reasonable attorney's fees and costs; and

F.    On Count VI, awarding to Pinnacle actual damages and all profits derived by Defendants' joint and several deceptive trade practices and/or unfair competitive activities, and reasonable attorney's fees and costs;

G.     On Count VII, awarding to Anderson actual damages and all profits derived by Defendants' joint and several deceptive trade practices and/or unfair competitive activities, and reasonable attorney's fees and costs;

H.     On Count VIII, awarding to Pinnacle actual damages and all profits derived by Defendants' joint and several deceptive trade practices and/or unfair competitive activities, and reasonable attorney's fees and costs; and

Injunctive Relief

I.     An Order temporarily and permanently enjoining and restraining Defendants, their officers, directors, agents, servants, employees, representatives, successors and assigns and all persons, firms or companies in active concert and participation with Defendants, and any and all other individuals, companies, enterprises, partnerships, firms, companies, employees, representatives affiliated with, acting in concert or participation with, successors of or related to, including but not limited to affiliated companies, from:

(i)     Reproducing copies of, preparing derivative works from, and/or distributing copies of, directly or indirectly, any pictures that infringe and/or are substantially similar to any of Anderson's Copyrighted Pictures, pursuant to 17 U.S.C. § 502;

(ii)     Reproducing copies of, preparing derivative works from, and/or distributing copies of, directly or indirectly, any floor plans that infringe and/or are substantially similar to any of Pinnacle's Copyrighted Floor Plans, pursuant to 17 U.S.C. § 502;

(iii)     Distributing, offering to sell, or selling in any manner, directly or indirectly, any real estate improvements that infringe and/or are substantially similar to any of Pinnacle's Copyrighted Floor Plans, pursuant to 17 U.S.C. § 502;

(iv)    Building real estate improvements, directly or indirectly, that infringe and/or are substantially similar to any of Pinnacle's Copyrighted Floor Plans, pursuant to 17 U.S.C. § 502;

(v)    Using, promoting, advertising, or displaying in any manner, directly or indirectly, Anderson's Copyrighted Pictures, or any pictures identical to or confusingly similar thereto, or any mark or designation confusingly similar thereto, pursuant to 15 U.S.C. § 1125(a);

(vi)    Using, promoting, advertising, or displaying in any manner, directly or indirectly, Pinnacle's Copyrighted Floor Plans, or any floor plans identical to or confusingly similar thereto, or any mark or designation confusingly similar thereto, pursuant to 15 U.S.C. § 1125(a);

(vii)    Engaging in any violation of the Deceptive Trade Practices Act of Delaware (Del. Code Ann. tit. 6, § 2532 (2005)) and Delaware common law against unfair competition against Anderson and/or Pinnacle.

J.    Plaintiffs Anderson and Pinnacle also request that this Court require that:

(i)    Defendants deliver up for impoundment and ultimate destruction as the Court directs, pursuant to 15 U.S.C. § 1116, all advertising, brochures, and/or signage bearing Anderson's Copyrighted Pictures, or any pictures confusingly similar thereto;

(ii)    Defendants deliver up for impoundment and ultimate destruction as the Court directs, pursuant to 15 U.S.C. § 1116, all advertising, brochures, and/or signage bearing Pinnacle's Copyrighted Floor Plans, or any residential floor plans substantially similar thereto;

(iii)    Defendants deliver up for impoundment and ultimate destruction as the Court directs, pursuant to 17 U.S.C. § 503, all items which infringe Anderson's Copyrighted Pictures, and means for making the same;

26

(iv)    Defendants deliver up for impoundment and ultimate destruction as the Court directs, pursuant to 17 U.S.C. § 503, all items which infringe Pinnacle's Copyrighted Floor Plans, and means for making the same;

(v)    Defendants remove, or cause to remove, copies of Anderson's Copyrighted Pictures, and or pictures substantially similar thereto from the Infringing Web Sites;

(vi)    Defendants remove, or cause to remove, copies of Pinnacle's Copyrighted Floor Plans, and or floor plans substantially similar thereto from the Infringing Web Sites;

(v)    Defendants file a report with the Court under oath in accordance with 15 U.S.C. § 1116 setting forth the manner and form of their compliance with this Court's injunction;

K.    And any other further relief as this Court may deem just and proper.

KLETT ROONEY LIEBER & SCHORLING

Richard A. Forsten (#2543)
James D. Taylor, Jr. (#4009)
Jennifer Becnel Guzzo (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801
(302) 552-4200
*Attorneys for Plaintiffs Anderson Homes, LLC and Pinnacle Design and Consulting, Inc.*

OF COUNSEL:

SHULMAN, ROGERS, GANDAL, PORDY
    & ECKER, P.A.

Eric J. Von Vorys, Esquire
11921 Rockville Pike
Rockville, MD  20852-2743
(301) 230-5200

Dated: December 13, 2005

27